IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAULA D. LARKEY,

    Plaintiff,

v.                                      Civil Action No. 5:04CV124
                                                      (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Paula D. Larkey, ("Larkey"), filed an action on November 4, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to plaintiff's complaint on January 31, 2005. On August 26, 2005, the magistrate judge entered an order directing the plaintiff to file a brief in support of her complaint and the plaintiff complied, filing a "reply" on September 14, 2005. The defendant then filed a motion for summary judgment on October 17, 2005.

Magistrate Judge Seibert considered the plaintiff's reply in support of her complaint,[1] the defendant's motion for summary judgment, and then submitted a report and recommendation. In his report, the magistrate judge made the following findings: (1) that substantial evidence supported findings of the Administrative Law Judge ("ALJ") regarding the plaintiff's residual functioning capacity ("RFC") and the availability of jobs in significant numbers that accommodate her limitations, (2) that additional documents submitted by the plaintiff were not "new" within the meaning of 42 U.S.C. § 405(g) and (3) that the ALJ properly considered the opinions of Dr. Kolli and state agency experts. Accordingly, the magistrate judge recommended that the plaintiff's reply in the nature of a motion for summary judgment be denied, the defendant's motion for summary judgment be granted and that the complaint be dismissed.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate

---

[1] Magistrate Judge Seibert considered plaintiff's reply as being in the nature of a motion for summary judgment. See Report and Recommendation at 2.

judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On January 31, 2003, the plaintiff filed an application for Supplemental Security Income ("SSI") which was denied initially and on reconsideration. The plaintiff then appeared before an ALJ on April 26, 2004, and was found to be not disabled within the meaning of the act. The Appeals Council denied the plaintiff's request for review and this action was filed.

## III. Applicable Law

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can

4

be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

As stated by the magistrate judge, the plaintiff carried her burden of proof through the first four steps of the Five Step sequential analysis required under the Social Security Act. See McLain v. Schweiker, 715 F.2d 866 (4th Cir. 1993). However, this Court finds no clear error in the magistrate judge's determination that the ALJ's finding that plaintiff failed to prevail on Step Five of the analysis is supported by substantial evidence. See

Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In determining the plaintiff's RFC, the ALJ properly reviewed findings of the state agency's psychological consultant, reports made by Dr. Kolli, a treating physician, as well as the plaintiff's own testimony. The ALJ was supported by substantial evidence in finding that the plaintiff's testimony was not entirely credible, citing inconsistencies in the plaintiff's testimony as well as differences between her testimony and the analysis made by Dr. Kolli.

With regard to the hypothetical questions asked by the Vocational Expert ("VE"), this Court finds the magistrate judge's finding that the ALJ's hypothetical questions accurately reflected the plaintiff's limitations to be without clear error. The ALJ posed hypothetical questions that restricted the plaintiff to light work with limitations. Moreover, magistrate judge properly notes that the plaintiff did not challenge the hypothetical questions posed to the VE at the time of the hearing. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). Accordingly, this Court finds that the magistrate judge's report and recommendation with regard to Step Five of the Sequential Analysis should be adopted in its entirety.

In addition, this Court agrees with the magistrate judge that the documents submitted by the plaintiff are not "new" within the meaning of 42 U.S.C. § 405(g) and have no effect on the ALJ's decision. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)(stating the four prerequisites for remanding a social

6

security case on the basis of newly discovered evidence). Specifically, this Court finds no clear error in the magistrate judge's opinion that (1) substantial evidence in the record was inconsistent with Dr. Kolli's opinion, and that therefore, the opinion did not merit controlling weight pursuant to 20 C.F.R. § 416.927(d)(2); (2) that the plaintiff's mental impairment questionnaire was submitted to and considered by the Appeals Council that reviewed the ALJ's decision, and therefore, the questionnaire was not "new," and (3) that Dr. Kolli's September 1, 2005 opinion was made after the relevant time period, and therefore, did not warrant a remand.

Finally, this Court finds no clear error in the magistrate judge's determination that the ALJ properly considered the opinions of Dr. Kolli and the state agency experts. As the magistrate judge noted, it is the duty of the ALJ, not the courts, to make findings of fact and resolve conflicts in the evidence. See Hays v. Sullivan, 907 F.2d at 1456. Moreover, Dr. Kolli and the state agency expert both considered the plaintiff's limitations to be moderate in seven areas of mental functioning and the ALJ actually placed more restrictions on the plaintiff's exertional level activities than the state agency expert. (Tr. 23.)

V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's reply to the magistrate judge's notice is without merit and that the defendant's motion for summary

7

judgment should be granted.  This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation in its entirety. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's reply in the nature of a motion for summary judgment be DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 3, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE